IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

STEVEN DUANE TOBEY                                                                                    PLAINTIFF

V.                              CIVIL ACTION NO. 2:20-cv-2115-MEF

KILOLO KIJAKAZI[1], Acting Commissioner,
Social Security Administration                                                                        DEFENDANT

**<u>FINAL JUDGMENT</u>**

This cause is before the Court on the Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying his claim for disability benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c). The Court, having reviewed the administrative record, the briefs of the parties, the applicable law, and the parties having waived oral argument, finds as follows, to-wit:

Consistent with the Court's ruling from the bench, the decision of the Commissioner of Social Security is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

The Court agrees that the ALJ's RFC determination does not account for all the Plaintiff's knee and upper extremity impairments. Velvet Medlock's Functional Capacity Evaluation, completed in August 2019, a mere month after the ALJ's decision, clearly relates back to the Plaintiff's condition during the relevant period. The evidence indicates his knee and upper extremity pain and limitations persisted even after surgery. Ms. Medlock's examination revealed

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Plaintiff could stand for 20 minutes at a time for a total of one hour, walk for 5 minutes at a time for a total of one hour, needed a straight cane for ambulation, required hourly rest breaks, and needed position changes every 20 minutes.  Further, he was able to lift 5 pounds and carry 10 pounds occasionally.  His ability to operate foot controls with the left leg was also limited, and he needed to elevate his leg above heart level.  Moreover, Plaintiff could occasionally climb stairs grasp or manipulate with the right hand; rarely bend, push/pull, work in an extended position, work above shoulder level, work overhead, or grasp or manipulate with the left hand; rarely to occasionally reach; and never perform other postural maneuvers such as squatting, crawling, stooping, crouching, kneeling, balancing, and climbing.  As such, had this evidence been before the ALJ at the time of his decision, we believe it would have changed the ALJ's RFC determination in this case.  Accordingly, this matter must be remanded for further consideration of the Plaintiff's RFC.

On remand, the ALJ is also ordered to obtain RFC assessments from Plaintiff's treating orthopedist and hand surgeon, Drs. David Sudbrink and James Kelley, III.

IT IS SO ORDERED AND ADJUDGED on this the 24th day of September 2021.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Sep 24, 2021
OFFICE OF THE CLERK